IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SHAUN GARVEY,

                  Plaintiff,

      v.

SHOPPINGTOWN MALL and
MOONBEAM CAPITAL INVESTMENTS,

                Defendants.

_____

Civil Action No.
5:16-CV-1136 (MAD/DEP)

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

SHAUN GARVEY, *Pro Se*
P.O. Box 12
Liverpool, NY 13090

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

    *Pro se* plaintiff Shaun Garvey has commenced this employment

discrimination action under Title VII of the Civil Rights Act of 1964, as

amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against defendants

Shoppingtown Mall and Moonbeam Capital Investments. Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon my consideration of those submissions, plaintiff's IFP application is granted, and I recommend that his complaint be dismissed with leave to replead.

I.   BACKGROUND

Plaintiff's complaint alleges that in 2015, he was employed by "an outside company in [defendant] Shoppingtown Mall, [located in] Dewitt NY."[1] Dkt. No. 1 at 3. Plaintiff alleges that, during his employment, defendant "Shoppingtown Mall maliciously harrassed [sic] [him]" in an effort to both "evict" him and influence plaintiff's employer to fire him. *Id.* Specifically, he contends that defendant Shoppingtown Mall "harrassed [sic], insulted, threatened, and finally evicted and terminated" him from his job. *Id.* According to plaintiff, the alleged harassment was motivated by discriminatory animus based on his homosexuality. *Id.* at 4. In his complaint, plaintiff seeks $20,000 in damages, as well as compensation for lost wages and "emotional and mental disconnect from losing work that [he] loved." *Id.* at 5.

---

[1]   Liberally construed, plaintiff's complaint appears to identify defendant Moonbeam Capital Investments as the "outside company" referenced. *See* Dkt. No. 1 at 3, 4.

## II.    DISCUSSION

### A.    Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a).[2] A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). Because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[3]

### B.    Analysis of Plaintiff's Complaint

#### 1.    Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in the complaint in this action in light of 28 U.S.C. §

---

[2]      The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]      Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of

the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

      2.   <u>Analysis</u>

Under Title VII, "[i]t shall be an unlawful employment practice for an employer – (1) to . . . discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions,

or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1); *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998). Absent direct evidence of discrimination, to sufficiently allege a *prima facie* case of sex discrimination under Title VII, a plaintiff must plead facts plausibly suggesting that (1) he was within a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of unlawful discrimination. *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009), *superseded by statute on other grounds as recognized by Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108-09 (2d Cir. 2013).

In this case, plaintiff alleges that defendants Shoppingtown Mall and Moonbeam Capital Investments discriminated against him on the basis of his sexual orientation. *See* Dkt. No. 1 at 4 ("I feel I was discriminated against . . . being a gay male[.]"). While the law regarding this issue may further evolve, at the present time Title VII does not proscribe discrimination based on sexual orientation. *Simonton v. Runyon*, 232 F.3d 33, 35-36 (2d Cir. 2000). As Southern District of New York District Judge Katherine Polk Failla has commented, while "[t]he broader legal landscape

has undergone significant changes since . . . *Simonton*" in light of the

Supreme Court's decisions in *United States v. Windsor*, 133 S. Ct. 2675

(2013), and *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015),[4] "*Simonton* is

still good law, and, as such, this Court is bound by its dictates."

*Christiansen v. Omnicom Group, Inc.*, No. 15-CV-3440, --- F. Supp. 3d ----,

2016 WL 951581, at \*13, 15 (S.D.N.Y. Mar. 9, 2016). Accordingly, to the

extent plaintiff alleges he was discriminated against simply and solely

based on his status as a homosexual, he cannot demonstrate that he is a

member of a protected class under Title VII. Accordingly, I recommend

dismissal of any Title VII claim asserted on that basis.

On the other hand, Title VII does permit individuals to proceed with

discrimination claims under a "gender stereotyping" theory of liability,

"according to which individuals who fail or refuse to comply with socially

accepted gender roles are members of a protected class." *Dawson v.

Bumble & Bumble*, 398 F.3d 211, 218 (2d. Cir. 2005). As such, "individual

---

[4]     In *Windsor* the Supreme Court declared the Defense of Marriage Act ("DOMA") unconstitutional insofar as it interpreted "marriage" and "spouse" to apply only to heterosexual unions. *Windsor*, 133 S. Ct. at 2696 ("[DOMA] is invalid, for no legitimate purpose overcomes the purpose and effect to disparage and to injure those whom the State, by its marriage laws, sought to protect in personhood and dignity. By seeking to displace this protection and treating those persons as living in marriages less respected than others, the federal statute is in violation of the Fifth Amendment."). The Court's decision in *Obergefell* recognized that the fundamental right to marry, as protected by the United States Constitution, extends to same-sex couples. *Obergefell*, 135 S. Ct. at 2604-05 ("The Court now holds that same-sex couples may exercise the fundamental right to marry.").

employees who face adverse employment actions as a result of their employer's animus toward their exhibition of behavior considered to be stereotypically inappropriate for their gender may have a claim under Title VII." *Dawson*, 398 F.3d at 218. In this case, while plaintiff alleges that defendants discriminated against him because he is "a gay male," he supports this claim by further alleging that defendant Shoppingtown Mall characterized him as a "sissy." Dkt. No. 1 at 4. Without more, this lone allegation does not plausibly suggest that defendants discriminated against plaintiff because he exhibited behavior that does not conform with his sex. Accordingly, to the extent plaintiff's complaint asserts a Title VII discrimination claim on the basis of gender stereotyping, I recommend that it be dismissed.

    C.   <u>Whether to Permit Amendment</u>

       Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could

"not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, to the extent plaintiff's Title VII claim is based on a theory that he was discriminated against by defendants on the basis of his sexual orientation, the deficiencies identified above in part II.B.2. of this report with respect to that claim are substantive in nature and no further amendment would cure them. On the other hand, it is conceivable that plaintiff could, with better pleading, amend his complaint to include a Title

10

VII discrimination claim based on a theory of gender stereotyping. Accordingly, I recommend that leave to amend be granted.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily

supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.    SUMMARY, ORDER, AND RECOMMENDATION

Because plaintiff has demonstrated that he is entitled to proceed in this action without first paying the filing fee, his IFP application will be granted. Turning to the sufficiency of his complaint, because discrimination based on sexual orientation is not protected by Title VII, his complaint should be dismissed. Accordingly, it is hereby

ORDERED that plaintiff's *in forma pauperis* application, Dkt. No. 2, be GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint, Dkt. No. 1, be dismissed, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim, with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the parties in accordance with this

court's local rules.

Dated:    October 6, 2016
          Syracuse, New York


_____
David E. Peebles
U.S. Magistrate Judge