**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

SHAUN GARVEY,

                               **Plaintiff,**

   vs.                                             5:16-CV-1136
                                                         (MAD/DEP)

SHOPPINGTOWN MALL, MOONBEAM
CAPITAL INVESTMENTS,

                               **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**SHAUN GARVEY**
P.O. Box 12
Liverpool, New York 13088
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

On September 19, 2016, Plaintiff Shaun Garvey filed this employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against Defendants Springtown Mall and Moonbeam Capital Investments. *See* Dkt. No. 1. That same day, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. Magistrate Judge Peebles issued a Report, Recommendation, and Order granting Plaintiff's IFP application and recommending that the Court dismiss Plaintiff's complaint with leave to amend. *See* Dkt. No. 6 at 12. Although Plaintiff did not file objections to the Report, Recommendation, and Order, he did file an amended complaint. *See* Dkt. No. 8. Presently before the Court are Magistrate Judge Peebles's Report, Recommendation, and Order and Plaintiff's amended complaint.

**II. BACKGROUND**

Sometime in 2015, Plaintiff was working as a project manager for an outside company in Shoppingtown Mall in Dewitt, New York. *See* Dkt. No. 1 at 3. Defendants allegedly harassed, insulted, and threatened Plaintiff, and Plaintiff was called a "sissy" and told that he was not welcome at the mall. *See id.* at 3-4. Defendants also threatened Plaintiff's employer, stating that they would not renew their contract with Plaintiff's employer unless he was fired. *See id.* In his initial complaint, Plaintiff alleged that he was harassed and discriminated against by Shoppingtown Mall because he is a gay man. *See id.* Ultimately, Plaintiff was fired from his job. *See id.* at 3. On October 6, 2016, Magistrate Judge Peebles issued a Report, Recommendation, and Order recommending that the Court dismiss Plaintiff's complaint with leave to amend. *See* Dkt. No. 6. Plaintiff did not object to the Report, Recommendation, and Order, but he did file an amended complaint on October 24, 2016. *See* Dkt. No. 8.

**III. DISCUSSION**

**A.  Standard of Review**

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "'the court has the duty to show liberality towards *pro se* litigants,' however, 'there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis.'" *Griffin v. Doe*, 71 F. Supp. 3d 306, 311 (N.D.N.Y. 2014) (quoting *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994)); *see also Thomas v.*

*Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

When reviewing a complaint under 28 U.S.C. § 1915(e), courts are guided by applicable requirements of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned" recitation of the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citations omitted).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district

court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

**B.    The Report-Recommendation**

Title VII prohibits discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). But it "is well-settled in this circuit . . . [that] Title VII does not prohibit harassment or discrimination because of sexual orientation." *Dawson v. Bumble & Bumble*, 398 F.3d 211, 217 (2d Cir. 2005) (quoting *Simonton v. Runyon*, 232 F.3d 33, 35-36 (2d Cir. 2000)); *accord Chrisiansen v. Omnicom Grp. Inc.*, 852 F.3d 195 (2d Cir. 2017). The Report-Recommendation therefore dismissed Plaintiff's Title VII claims to the extent that they were based on his sexual orientation.

Although the Second Circuit has found that Title VII does not proscribe discrimination based on sexual orientation, it has nevertheless recognized Title VII claims based on "the 'gender stereotyping' theory of Title VII liability according to which individuals who fail or refuse to comply with socially accepted gender roles are members of a protected class." *Dawson*, 398 F.3d at 218. In order to state a Title VII claim for discrimination based on a theory of gender stereotyping, a plaintiff must show that he was discriminated against because he failed to conform to gender stereotypes through behavior or appearance. *See Cargian v. Breitling USA, Inc.*, No. 15-CV-1084, 2016 WL 5867445, *4 (S.D.N.Y. Sept. 29, 2016) (citations omitted).

Here, Magistrate Judge Peebles recommended that the Court dismiss Plaintiff's complaint with leave to amend to assert a claim based on gender stereotyping. *See* Dkt. No. 6 at 10-11.

4

Since Plaintiff did not submit any objections, the Court has reviewed the Report-Recommendation for clear error and found none.

**C.    The Amended Complaint**

In granting Plaintiff leave to amend, Magistrate Judge Peebles outlined the requirements for stating a claim under Title VII. *See id.* Specifically, Magistrate Judge Peebles noted that any amended complaint would need to "clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act." *Id.* at 11. Furthermore, Magistrate Judge Peebles explained that any amended complaint would replace the existing complaint and that it could not rely on or reference any pleading previously filed with the Court. *See id.*

Plaintiff's amended complaint once again fails to state a claim for gender stereotyping under Title VII. The amended complaint is almost entirely devoid of factual allegations, instead consisting mainly of legal arguments about discrimination under Title VII. *See* Dkt. No. 8. Indeed, the amended complaint does not even include most of the facts set forth in the original complaint, including the allegation that Plaintiff was called a "sissy." *See* Dkt. Nos. 1, 8. Although Plaintiff attaches letters from three different individuals who witnessed Plaintiff being harassed and yelled at, none of those letters suggests actionable discrimination of any kind. *See* Dkt. No. 8-1.

Despite receiving clear instructions from Magistrate Judge Peebles, Plaintiff failed to cure the deficiencies in his initial pleading. Since Plaintiff has already had the opportunity to amend his complaint, the Court now dismisses the amended complaint with prejudice. *See Abascal v. Hilton*, No. 04-CV-1401, 2008 WL 268366, *8 (N.D.N.Y. Oct. 4, 2012) ("[G]ranting a pro se

plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading.").

After carefully reviewing Plaintiff's submissions, Magistrate Judge Peebles's Report, Recommendation, and Order, the applicable law and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles's Report, Recommendation, and Order (Dkt. No. 6) is **ADOPTED in full**; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 8) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment dismissing this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 22, 2017
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge